Citation Nr: 1761219 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 11-16 232 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida



THE ISSUE

Entitlement to service connection for a psychiatric disability other than bipolar disorder, to include posttraumatic stress disorder (PTSD).



REPRESENTATION

Appellant represented by: The American Legion



ATTORNEY FOR THE BOARD

D. Schechner, Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from August 1987 to July 1992. This matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the North Little Rock, Arkansas Regional Office (RO) of the Department of Veterans Affairs (VA). In December 2015, the Board remanded the matter for additional development. The claims file is now in the jurisdiction of the St. Petersburg, Florida RO.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The previous (December 2015) Board remand ordered a VA examination of the Veteran to determine whether any psychiatric disability he currently has diagnosed is related to a claimed personal/sexual assaults in service. He failed to report for such examination scheduled in May 2017. In June 2017, his wife contacted VA to report that he is incarcerated in the Veterans' domiciliary at Wakulla Correctional Facility in Florida and request that he be examined there. The record contains a June 2017 request for a VA mental disorders examination of the Veteran to be processed by the Fayetteville, Arkansas VHA division, followed by a July 2017 notice that the Veteran "failed to RSVP" regarding a VA examination, with no further clarification regarding the date or location of the scheduled exam. A July 2017 supplemental statement of the case (SSOC) notes that the Veteran "failed to report for your examination scheduled at the VA medical center in Fayetteville, Arkansas" and had "not offered any reason why you did not report for this examination." [The claims file includes an Inmate Population Information Detail document, current as of July 2017, reflecting that the Veteran has been incarcerated by the Florida Department of Corrections (DOC) since August 2015, with a current release date of March 2020. In a statement received in August 2017 the Veteran indicated that he was at the Lake Butler medical center but would be returning to the main prison camp of Wakulla Correctional Institute after a few weeks.] In addition, the examination instructions do not match those set forth in the Board's previous remand; there is no mention of PTSD or the claimed sexual assault stressor in service.

The facts outlined above reflect a clear disconnect between the circumstances shown and the actions taken following the Board's prior remand. When a veteran is incarcerated in a particular state, he obviously is in no position to appear for a VA examination scheduled in another state. VA has established policies that apply to examinations of incarcerated veterans, and those have not been followed. There has not been substantial compliance with the Board's previous remand instructions, and corrective action is necessary.

Accordingly, the case is REMANDED for the following:

1. The AOJ should arrange for the Veteran to be examined by an appropriate psychiatrist or psychologist to determine the nature and etiology of his psychiatric disability(ies). The scheduling of the examination should be coordinated with the Florida DOC. The Veteran's record must be made available to, and reviewed by, the examiner in conjunction with the examination. Based on review of the record and interview/examination of the Veteran, the examiner should provide opinions that respond to the following:

a) Does the Veteran meet the DSM-IV or DSM-5 criteria for a diagnosis of PTSD? The rationale for the response to this question should reflect consideration of the Veteran's reports of personal/sexual assaults in service.

b) If he meets the DSM-IV or DSM-5 criteria for a diagnosis of PTSD, is it at least as likely as not (a 50% or better probability) that such is related to his claimed personal/sexual assault stressor in service? The response to this question should encompass discussion of whether the record reflects any behavior changes in service or shortly thereafter indicative of a personal/sexual assault on the Veteran in service, and should include comment on the lay statements in the record.

c) Does the Veteran have a diagnosis of a psychiatric disability other than PTSD? If so, regarding each such psychiatric disability entity, is it at least as likely as not (a 50% or better probability) such is etiologically related to the Veteran's service/events therein? 

The examiner must explain the rationale for all opinions (addressing any credibility issues raised by the record or by the Veteran's responses on examination). 

2. The AOJ should then review the expanded record, arrange for any additional development deemed necessary, and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate SSOC, afford the Veteran and his representative opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).